### SLAUSON *a*. CONKEY.

*Supreme Court, First District; Special Term, January,* 1855.

ADMISSION OF PART OF PLAINTIFF'S CLAIM.—SATISFACTION.

Plaintiff sued to recover the price of goods sold to defendant, with damages for non-delivery of notes agreed to be given in payment for them. The defendant by answer, admitted the purchase of the goods at the price stated.

*Held;*—that an order might be made under § 224 of the Code, requiring the defendant to pay the price of the goods.

Motion that defendant be required to satisfy a part of plaintiff's claim, admitted by his answer to be just.

Roosevelt, J.—The defendant admits in his answer that he has had the plaintiff's goods—that he purchased them at the price stated—that such price was to be paid in certain specified indorsed notes at six months, which he was to forward to the plaintiff within three or four weeks—that he has not paid for the goods either in such notes pursuant to his agreement, or otherwise—that he has nevertheless sold a part of them and assigned the residue for the benefit of creditors.

The plaintiff's action is for the value of the goods, treating the sale as a conditional one, and the defendant's acts as a wrongful conversion.

They are willing now, however, instead of incurring the expense and delay of a trial, to take the defendant's answer, and to confine their remedy to its admissions.

"When the answer of the defendant, (says the amended Code, § 244), admits part of the plaintiff's claim to be just, the Court on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a provisional remedy."

Such motion is now made. Strictly construed, the case would seem not to come within the provision. In principle, however, it does. And the Code prohibits a strict construction, not only of its own language, but of the language of all proceedings under it. All allegations are to be "liberally construed." And in the 176th section, lest the object should in any case be lost sight of, the legislature have dictated a rule so clear and comprehensive as to admit of no doubt, and so positive as to allow of no evasion. "The court, (say they) shall in *every* stage of an action, disregard *any* error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

If there be any defect therefore in the complaint in its adaptation to the case admitted in the answer, such defect must be disregarded, unless it affect, as it is obvious in this case it does not, the substantial rights of the defendant. Treating then the suit as substantially an action for the price of the goods, and perhaps something more in the shape of damages for the non-delivery of the notes; and treating the answer as an admission

of the justice of the first part of the claim, I am compelled to make an order requiring the defendant to satisfy that part, to wit, $678 34, with interest from the 21st May, 1851.

I am the more free to make this order, as it can do no conceivable injustice to the defendant, while a denial of the application could only result in delay, vexation and expense to the plaintiff, turning him over either to a new suit or to a very superfluous trial by jury, to determine an issue which the defendant to all practical purposes, has substantially admitted."

Order accordingly, with costs.